IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

SCHULTE, BETH ANN

Debtor.

Case No. 11-14505-NLJ
(Chapter 7)

## MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES BY PUBLIC AUCTION, <u>WITH BRIEF IN SUPPORT</u>

Joel C. Hall, Trustee ("Trustee"), files this *Motion for Authority to Sell Property of the Estate Free and Clear of Liens and Other Interests by Public Auction with Brief in Support* pursuant to 11 U.S.C. §§ 102(a)(A), (B)(ii), 105(a), 363(f), and F. R. Bankr. P. 2002, 6004, 9013, 9014 and Local Rules 9013 and 9014 (the "*Motion*").  In support, the Trustee states as follows:

## A.    Jurisdiction

1.    The Court has jurisdiction to consider this *Motion* pursuant to 28 U.S.C. § 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## B.    Relevant facts

4.    On August 18, 2011, Beth Ann Schulte ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Estate").

5.    All Debtor's legal and equitable interests in the property described below (collectively the "Property") is property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541:

> Oil and gas property
> (the "Property").

6.    The Court previously approved or will approve the Trustee's retention of Dakil

Auctioneers, Inc., for the purpose of selling the Property.

7.     Therefore, the Trustee seeks immediate authority to sell the Bankruptcy Estate's interest in the Property at a public auction to be held at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Thursday, December 1, 2011 at 10:00 a.m.

8.     Pursuant to 11 U.S.C. § 363(f) the Trustee may sell the Property, other than in the ordinary course of business, free and clear of any and all liens, claims or encumbrances.  The Trustee seeks authority to sell the Bankruptcy Estate's interest in the Property pursuant to section 363(f) and the interest of any co-owner in the Property, where applicable, pursuant to section 363(h).  In the event that such Property is jointly owned, partition of the Property is impracticable and a sale of the above-captioned bankruptcy estate's undivided interest, where applicable, will cause a diminished sale return.  The benefit to the estate outweighs any prejudice to co-owners.

9.     Under the circumstances, a public auction will maximize the value of the Property for the benefit of the Bankruptcy Estate.

## C.    The Court should approve a public auction of the Property, to be conducted at the Property.

Although § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts generally require that it be based upon the sound business judgment of the trustee.  *See*, *Equity Sec. Holders v. Lionel Corp. (In re Lionel),* 722 F.2d 1063 (2nd Cir.1983); *In re Murphy*, 288 B.R. 1, 5 (D.Me. 2002).

Further, where a trustee proposes to sell estate assets, the trustee's business judgment is subject to great judicial deference, and should be approved unless it is shown that trustee acted in an irrational, arbitrary, or capricious manner.  *In re Murphy* at 5.  Some of the factors to be

considered by the Court in approving a sale under § 363 include whether a reasonable business purpose exists for the sale, whether there has been accurate and reasonable notice, whether the price is fair and reasonable and whether insiders are benefiting from the sale.

To attract the largest possible amount of buyers, and to maximize the value of all assets, the Property should be sold at a public auction. Thus, the Court should approve sale of Property via public auction to be conducted at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Thursday, December 1, 2011 at 10:00 a.m.

## D. The Court should authorize the public auction sales of the Property to be free and clear of all liens, claims and encumbrances.

Pursuant to § 363(f):

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> **(2)** such entity consents;
>
> **(3)** such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> **(4)** such interest is in bona fide dispute; or
>
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Court may approve a sale "free and clear" provided that at least one of § 363(f)'s subsections is met. Finally, F. R. Bankr. P. 6004(f)(1) permits sales outside the ordinary course of business to be made by either public or private sale. In the instant case, to the extent that any other person or entity may have an interest in the Property, the Trustee requests that the Property be sold free and clear of such interest.

3

**ALL INTERESTED PERSONS ARE NOTIFIED that a hearing on this Motion has been scheduled for November 17, 2011 at 9:30 a.m.**

If no objections are timely filed within 21 days of the service of this Motion, the Court may enter an order granting this Motion without the need for the currently scheduled hearing pursuant to 11 U.S.C. § 102(1), and without further notice to interested persons.

The Trustee strongly recommends that all persons who receive this Motion should consider consulting an attorney regarding this matter, as personal rights may be affected should this Motion be approved by the Court.

## E.    Relief requested

In light of the above, the Trustee prays for an Order of the Court (i) authorizing him to sell the Property free and clear of all liens, claims and encumbrances, (ii) by public auction to be conduced at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Thursday, December 1, 2011 beginning at 10:00 a.m. C.S.T., (iii) waiving the fourteen (14) day stay of F. R. Bankr. P. 6004(g) and (iv) granting such further relief as the Court deems just and equitable.

Respectfully submitted,

s/Joel Hall
Joel C. Hall (OBA #13643)
MULINIX OGDEN HALL & LUDLAM
A Professional Limited Liability Company
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma  73102
(405) 232-3800
ATTORNEYS FOR THE TRUSTEE

4

## <u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 30th day of September, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Don D. Elwick


Further, I hereby certify that on the 30th day of September, 2011, I served the attached document by first class U.S. mail, postage prepaid on the following who are not registered participants of the ECF System:

see matrix


s/Joel Hall
_____
Joel C. Hall

5

Ally Finance
P.O. Box 380902
Bloomington, MN 55438-0902

Beth Ann Schulte
305 East 4th Street
Hydro, OK 73048-8927

Chase Home Finance
3415 Vision Drive
Columbus, OH 43219-6009

Chase Visa
P.O. Box 15123
Wilmington, DE  19850-5123

First National Bank Visa
P.O. Box 30131
Tampa, FL 33630-3131

QVC
P.O. Box 530905
Atlanta, GA 30353-0905

Sam's Club Discover
P.O. Box 981084
El Paso, TX 79998-1084